UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 19 C 4516 |
| | ) |
| JAMES HARRISON, | ) Judge Rebecca R. Pallmeyer |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant James Harrison pleaded guilty in October 2017 to a charge of being a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g) and § 924(a)(2). On August 22, 2018, this court sentenced him to 78 months in prison. Mr. Harrison now petitions [8] for relief pursuant to 28 U.S.C. § 2255, pointing to the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The government opposes Mr. Harrison's motion, arguing that he waived his ability to raise this issue by failing to pursue it on direct appeal, and, in the alternative, that his claim that his plea was involuntary lacks merit. As discussed below, the court concludes that Mr. Harrison is ineligible for relief and denies his petition.

## BACKGROUND

Mr. Harrison pleaded guilty to 18 U.S.C. §§ 922(g) and 924(a)(2) on October 18, 2017. He had previously been convicted of at least two crimes carrying a punishment of more than one year in prison: In 2012, he was convicted of escape (violation of electronic monitoring) and sentenced to three years in prison; he served more than one year on that sentence. (Presentence Investigation Report [38] (hereinafter "PSR"), ¶ 35, *United States v. Harrison*, No. 17-cr-148 (N.D. Ill. Dec. 8, 2017).) In 2014, he was convicted of possession of a controlled substance and sentenced to two years in prison, but he served approximately seven months. (PSR ¶ 36.)

This court sentenced Mr. Harrison on the weapons charge to 78 months in prison. Judgment, *United States v. Harrison*, No. 17-cr-148 (N.D. Ill. Aug. 22, 2018). He did not appeal

the judgment of conviction.  This petition for post-conviction relief under § 2255 was timely filed on July 2, 2019 within one year of his conviction.  See 28 U.S.C § 2255(f)(1).

## DISCUSSION

In support of this petition, Mr. Harrison argues that at the time of his plea, he did not know that his status as a felon precluded him from possessing a firearm, and therefore he did not know that he "had the relevant status when he possessed it."  *Rehaif*, 139 S. Ct. at 2194.  Because the government did not allege that Mr. Harrison knew of his felon status, he continues, the indictment was defective, and his plea to the indictment was unknowing and involuntary.  (Pet'r's Mot. [8] at 5–6.)

Section 922(g) states in relevant part: "It shall be unlawful for any person who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm."  A related provision, § 924(a)(2), adds that anyone who "*knowingly* violates" § 922(g) (emphasis added) shall be fined or imprisoned for up to ten years.  Mr. Harrison argues that he did not knowingly violate § 922(g) because he was unaware either that felons could not possess firearms or that he himself was a felon.  (Pet'r's Mot. at 5–6.)

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  *Rehaif*, 139 S. Ct. at 2200.  The provision at issue in *Rehaif* was § 922(g)(5), which bars undocumented aliens and persons admitted to the United States on nonimmigrant visas from possessing firearms.  The defendant in *Rehaif* argued that the jury should have been required to find that he knew that he was in the country illegally, and that the court's failure to require such a finding defeated his conviction.  In sustaining that argument, the Court noted that its holding might also undermine a conviction, under § 922(g)(1), of one who was unaware of his felon status,

2

perhaps because he "was convicted of a prior crime but sentenced only to probation." 139 S. Ct. at 2198.

The Seventh Circuit has made clear that the *Rehaif* holding does not undermine every § 922(g)(1) conviction in which the government failed to plead or prove the defendant's knowledge of his previous felony conviction(s). In *United States v. Williams*, 946 F.3d 968, 974 (7th Cir. 2020), the defendant had been convicted as a teenager of first-degree murder and sentenced to 30 years in prison, but he was released after about ten years. Years later, he engaged in a weapons transaction that resulted in his pleading guilty to one count of possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Four months after the district court sentenced him, the Supreme Court rendered its decision in *Rehaif*. On direct appeal, Williams asked the court to vacate his sentence and permit him to withdraw his guilty plea. Reviewing his conviction under a plain-error standard, the Seventh Circuit held that a defendant who challenges his "felon-in-possession" conviction bears the burden of showing that "his erroneous understanding of the elements of § 922(g) affected his substantial rights," including his decision to plead guilty. *Id.* at 970. "To meet this burden, a defendant must show a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *Id.* at 973. This means that a "§ 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights." *Id.* at 974. To determine whether a defendant has a plausible argument that he was unaware of his previous felony conviction, courts should consider the entire record, not merely the transcript of the plea hearing. *United States v. Payne*, 964 F.3d 652, 655–56 (7th Cir. 2020) (citing *United States v. Maez*, 960 F.3d 949, 960 (7th Cir. 2020)).

In *United States v. Payne*, similarly, the appellant had pleaded guilty and was sentenced ten days before the *Rehaif* decision came down. On direct appeal, the parties agreed that the failure to establish Payne's knowledge of his status as a felon was plain error. *Payne*, 964 F.3d

at 655. The Seventh Circuit concluded, however, that Payne could not make a plausible argument that he was ignorant of his status as a felon, where he had been convicted of three felonies in state court and had been warned, at sentencing on those convictions, that he was prohibited from possessing firearms. *Id.* at 656. The Seventh Circuit has also clarified that a defendant's knowledge of status as a felon, not knowledge of the criminal prohibition, is all that is required to uphold a conviction under § 922(g). *Maez*, 960 F.3d at 954–55.

In the case before this court, Mr. Harrison did not appeal from his conviction and sentence; the government argues that his failure to raise the *Rehaif* argument on direct appeal constitutes procedural default, barring consideration of it now, absent cause and prejudice for the waiver. The government argues that neither prong of this test is met here. *See Bousley v. United States*, 523 U.S. 614, 621–23 (1998) (citing *Engle v. Isaac*, 456 U.S. 107, 130 n.35 ("futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'")). For purposes of this ruling, however, the court assumes that the "cause" prong of that test is satisfied. *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018) recognized that cause for procedural default exists if the Supreme Court overturns "'a longstanding and widespread practice to which [the Supreme] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved.'" *Id.* at 295 (quoting *Reed v. Ross*, 468 U.S. 1, 17 (1984)).

Assuming that *Rehaif* constitutes such a ruling, the court nevertheless concludes that Mr. Harrison cannot establish that he was prejudiced by the government's failure to allege his knowledge of his status. Specifically, he has not shown that "his erroneous understanding of the elements of § 922(g)" caused him to plead guilty when he would not otherwise have done so. *Williams*, 946 F.3d at 970. It is highly implausible that Mr. Harrison was himself ignorant of his status as a felon. At the time of his plea, Mr. Harrison had already been convicted of two felonies that were punishable by more than one year in prison. He served more than one year for at least

4

one conviction, was released from custody on that conviction in 2015, and then returned for additional jail time on a supervised release violation in 2016—just months before the January 2017 conduct at issue in this case. (PSR ¶¶ 35, 36.) *See Williams*, 946 F.3d at 973 (observing that one with multiple felony convictions "cannot plausibly argue that he did not know his conviction[s] had a maximum punishment exceeding a year."). It is highly unlikely that Mr. Harrison would not have pleaded guilty if the government had alleged knowledge of his status as a convicted felon in the indictment. And he acknowledged in his plea colloquy in this case that a person with a felony conviction is not permitted to have a weapon.[1] Mr. Harrison has not shown that any *Rehaif* error affected his substantial rights.

Mr. Harrison also contends that his plea was involuntary, but he has failed to meet his burden here as well. Asked at his plea hearing, "Is your decision to plead guilty entirely voluntary?" Mr. Harrison answered "Yes." (Transcript [62] at 17:2–4.) At sentencing, Mr. Harrison challenged the guidelines calculations as inconsistent with what he expected at the time of this plea; but in a memorandum addressing that issue, Mr. Harrison's appointed counsel conceded that his plea was likely knowing and voluntary. Memorandum [61] at 4, *United States v. Harrison*.

Nor is there any basis for a finding that Mr. Harrison is actually innocent of the crime. The standard for actual innocence is whether, "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 622 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). Mr. Harrison's criminal history, including time served in prison, makes it highly unlikely that he was unaware of his status as a felon. Therefore, he cannot show that no reasonable jury would have convicted him, notwithstanding the government's failure to allege knowledge of his status.

---

[1] *See* Transcript of Change of Plea Proceedings [62] (hereinafter "Transcript"), at 19:5–7, *United States v. Harrison*, No. 17-cr-148 (N.D. Ill. Oct. 18, 2017) (The Court: "And you understand that somebody who has a felony conviction is not permitted to have a gun?" A: "Yes, ma'am.").

## **CONCLUSION**

For the foregoing reasons, Defendant James Harrison's petition under 28 U.S.C § 2255 is denied. Because this result is dictated by recent Seventh Circuit authority, the court concludes that reasonable jurists would not find this conclusion debatable. The court therefore declines to issue a certificate of appealability. This case is dismissed.

ENTER:

Dated: October 19, 2020

_____
REBECCA R. PALLMEYER
United States District Judge